IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARQUES V. NOLAN, )
)
        Plaintiff, )
)
vs. )   Case No. 17-1214-EFM-KGG
)
WILLIAM D. HANSEN, *et al.*, )
)
        Defendant. )
_____)

**ORDER ON MOTION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND
REPORT & RECOMMENDATION OF DISMISSAL**

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Marques Nolan has also filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3, sealed). After review of Plaintiff's motion, as well as his Complaint, the Court **GRANTS** *IFP* application, but **RECOMMENDS** that the District Court **dismiss** his claims in their entirety.

**I.    Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v.***

*Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny *in forma pauperis* status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 31 years old and single with no dependants. (Doc. 3-1, sealed, at 1-2.) He lists a current employer but indicates "$0" as his current monthly income. (*Id*., at 2.) He owns no real property. (*Id*., at 3.) He states that he is homeless, but lives with an aunt "from time to time." (*Id*., at 5.) He states he does not own an automobile, but lists a car (registered to another individual) with a modest present value and no amount owed on it. (*Id*., at 4.)

Plaintiff lists no cash on hand and no government benefits. (*Id.*) He has typical monthly expenses including groceries, utilities, and automobile insurance. (*Id.*, at 5.) He also indicates that he has an outstanding student loan of an undetermined amount, which he describes as "unlawfully." (*Id.*) He has not filed for bankruptcy. (*Id.* at 6.)

Considering all of the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

## II. Sufficiency of Complaint.

When a party is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28

U.S.C. §1915(e)(2).[1]  Additionally, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction." *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010).

The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all of Defendant's well-pleaded facts and will draw all reasonable inferences from those facts in his favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g., Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

Cir.2006). The Court will also liberally construe his pleadings. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991); ***Hall***, 935 F.2d at 1110. This does not mean, however, that the Court must become an advocate for the *pro se* party. ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* party's allegations means that "if the court can reasonably read the pleadings to state a valid claim on which the [*pro se* party] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, [the *pro se* party] must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F.

Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974).

Although a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the answering party sufficient notice of the claims asserted so that they can provide an appropriate answer. **Monroe v. Owens**, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Defendant's state court pleadings (Docs. 1, 4) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff's Complaint contains an abundance of allegations and citations to legal authority. It is, however, lacking a coherent narrative setting forth what the case is about. Construing the Complaint liberally, Plaintiff seems to allege violations of federal law regarding a student loan. Plaintiff concedes that he and his mother "signed a contract for a school loan" at Butler Community College with Commerce Bank as the lender and Sallie Mae as the guarantor. (Doc. 1, at 3.) The

student loan was apparently transferred at some point from Commerce Bank/Sallie Mae to West Management, Inc. and Navient Corp., which subsequently turned over the loan to Pioneer Credit Recovery Inc. and United Student Aid Fund. (*Id*., at 3-4.) Apparently, his nonpayment of the loan ultimately led to his wages being garnished. (*Id*., at 4-5.)

Plaintiff states that he "has no problem paying back the loan to the original contractor holder of the original contract." (*Id*., at 4.) Plaintiff merely seems to be contending that the transfer of the loan to another financial entity was somehow invalid or illegal. Based on the allegations contained in Plaintiff's Complaint, however, there is no factual or legal basis for the Court to find that the transfer was improper.

In addition, the fact that Plaintiff mentions a garnishment leads the Court to surmise that there was an underlying judgment entered against him in another proceeding, likely in state court. Although Defendant fills his Complaint with alleged violations of federal law, the case is basically an appeal of a state court judgment, which is prohibited by the *Rooker-Feldman* doctrine. *See* ***Fellows v. State of Kansas***, 2005 WL 752129, at *3 (citing ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 476 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415–16 (1923)). Simply stated, the *Rooker-Feldman* doctrine bars "a

7

party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

Even assuming that the garnishment was rendered in a federal court proceeding, any claim that the transfer of the student loan was improper should have been raised in that underlying action. Even construing the Complaint in the light most favorable to Plaintiff, the Court cannot surmise a valid cause of action from the allegations set forth. As such, the undersigned Magistrate Judge **recommends** that the District Court **DISMISS** this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *IFP* (Doc. 3, sealed) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that the Complaint (Doc. 1) be **DISMISSED** based on futility and the failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days**

after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 12th day of October, 2017.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge